**BALLARD SPAHR LLP**
David A. Haworth, Esq.
Justin Lamson, Esq.
Justin Kerner, Esq.
Erin M. Carter, Esq.
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
Telephone: (856) 761-3400
Facsimile: (856) 761-1020
haworthd@ballardspahr.com
lamsonjw@ballardspahr.com
kernerj@ballardspahr.com
cartere@ballardspahr.com
*Attorneys for Corteva, Inc. (as to all claims except the fraudulent transfer claims) and DuPont de Nemours, Inc. (as to all claims except the fraudulent transfer claims)*

*Additional counsel listed in signature block*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>Defendants. | Civil Action No. 2:19-cv-14758-JMV-SCM<br>(Hon. John M. Vazquez, U.S.D.J.) |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.,<br><br>Plaintiffs, | Civil Action No. 1:19-cv-14765-NHL-JS<br>(Hon. Noel L. Hillman, U.S.D.J.) |

| | |
|---|---|
| v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>               Defendants. | |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>               Defendants. | Civil Action No. 1:19-cv-14766-RMB-JS<br>(Hon. Renee M. Bumb, U.S.D.J.) |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>               Defendants. | Civil Action No. 3:19-cv-14767-MAS-ZNQ<br>(Hon. Michael A. Shipp, U.S.D.J.) |

**BRIEF IN SUPPORT OF DEFENDANTS CORTEVA, INC. AND DUPONT DE NEMOURS, INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. RELEVANT BACKGROUND ........................................................................... 2

III. THIS COURT LACKS PERSONAL JURISDICTION OVER CORTEVA AND NEW DUPONT. ............................................................... 3

    A. The Relevant Legal Standard ............................................................. 3

    B. Corteva and New DuPont Are Not Subject to General Jurisdiction in New Jersey. .............................................................. 5

    C. Plaintiffs Have Failed to Plead Sufficient Facts To Establish Specific Jurisdiction Over Corteva and New DuPont ......................... 8

V. CONCLUSION .................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ajax Enters. v. Szymoniak Law Firm, P.A.*, No. 05-5903 (NLH), 2008
  U.S. Dist. LEXIS 29582 (D.N.J. Apr. 10, 2008) .................................................. 6

*BNSF Ry. Co. v. Tyrell*,
  137 S. Ct. 1549 (2017) ..................................................................................... 5, 6

*Broadway Maint. Corp. v. Rutgers, State Univ.*,
  90 N.J. 253, 447 A.2d 906 (1982) ........................................................................ 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .............................................................................................. 5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................................. 5

*Decker v. Circus Circus Hotel*,
  49 F. Supp. 2d 743 (D.N.J. 1999) ......................................................................... 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ......................................................................................... 4, 6

*Helicopteros Nacionales de Colombia, SA v. Hall*,
  466 U.S. 408 (1984) .............................................................................................. 4

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .............................................................................................. 5

*Machulsky v. Hall*,
  210 F. Supp. 2d 531 (D.N.J. 2002) ....................................................................... 3

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3d Cir. 2007) ................... 4

*R.D.D. Assocs., LLC v. Windsor Ben. Consultants, Inc.*,
  No. 03-2617, 2005 U.S. Dist. LEXIS 53919 (D.N.J. Mar. 22, 2005) .................. 8

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
  5 F.3d 28 (3d Cir. 1993) ....................................................................................... 4

*United States v. Bestfoods*,
   524 U.S. 51 (1998) .................................................................................................. 8

**Federal Rules**

Federal Rule of Civil Procedure 4(e) ....................................................................... 3

Federal Rule of Civil Procedure 12(b)(2) ........................................................... 1, 5

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1, 7

**I.      INTRODUCTION**

This Court lacks personal jurisdiction over Corteva, Inc. ("Corteva") and DuPont de Nemours, Inc. ("New DuPont"). *See* Fed. R. Civ. P. 12(b)(2). Plaintiffs' Second Amended Complaints ("SACs") are devoid of allegations sufficient to demonstrate otherwise. Corteva and New DuPont are not subject to general jurisdiction in New Jersey because they are each incorporated under Delaware law and maintain a principal place of business in Delaware. Further, neither Corteva nor New DuPont are subject to specific jurisdiction in this matter because they are not directly responsible for and have not assumed the environmental liabilities complained of in this case; rather, as Plaintiffs plainly allege in their SACs, those liabilities were transferred from E. I. du Pont de Nemours and Company ("Old DuPont") to The Chemours Company ("Chemours") in 2015. Thus, all of the counts asserted against Corteva and New DuPont should be dismissed with prejudice.

Moreover, Plaintiffs fail to state a claim against Corteva and New DuPont. As Plaintiffs acknowledge in their SACs, Corteva and New DuPont *did not exist* at the time of any of the allegedly wrongful acts. Thus, absent any factual allegations whatsoever linking them to any manufacturing or sale of any chemical products,

each count asserted against either Corteva or New DuPont also should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[1]

## II.   RELEVANT BACKGROUND

Plaintiffs filed their SACs on August 31, 2020, naming for the first time Corteva and New DuPont as Defendants. Plaintiffs allege that Corteva and New DuPont are both incorporated and maintain their respective principal places of business in Delaware. (*See* Parlin SAC ¶¶ 20, 21; Chambers Works SAC ¶¶ 22, 23; Pompton Lakes SAC ¶¶ 19, 20; Repauno SAC ¶¶ 19, 20.)

As discussed in the contemporaneously filed joint motions to dismiss, this litigation arises from claims related to industrial activities and alleged discharges of contaminants from four sites associated with the DuPont and Chemours Defendants.[2] Plaintiffs base their new direct claims against Corteva and New

---

[1]   In a similar action pending in West Virginia, the court dismissed all claims against Corteva and New DuPont for lack of personal jurisdiction. *See* Order Granting Mot. to Dismiss by Defs. Corteva, Inc. and DuPont de Nemours, Inc., *Weirton Area Water Bd., et al. v. 3M Co., et al.*, No. 5:20-cv-102 (N.D. W. Va. Nov. 20, 2020), ECF No. 234. The court expressly held it did not have general jurisdiction over Corteva or New DuPont (both of which exist under the laws of and maintain a principal place of business in Delaware) (p. 9), and specific jurisdiction was lacking because neither Corteva nor New DuPont existed at the time the chemicals at issue were manufactured, sold, distributed, or used (p. 19).

[2]   For the sake of brevity, Corteva and New DuPont rely on those motions (to which they are parties), and they do not restate facts or arguments raised in those motions. This Motion is focused on arguments that pertain to only Corteva and New DuPont, to the exclusion of the other Defendants.

2

DuPont solely on the conclusory allegation that "upon information and belief, New DuPont and Corteva each assumed these [common law and statutory environmental] liabilities under the DowDuPont Separation Agreement, along with other liabilities related to Old DuPont's discontinued and divested businesses." (Parlin SAC ¶ 248; Chambers Works SAC ¶ 275; Pompton Lakes SAC ¶ 201; Repauno SAC ¶ 193.)

Of course, Corteva and New DuPont were not formed until several years after the business lines at issue were discontinued and/or divested to Chemours: *i.e.*, in the 2015 spin-off of Chemours from Old DuPont. Plaintiffs themselves plead that Corteva first became Old DuPont's parent on June 1, 2019 (after the initial Complaints were filed in these consolidated actions) (*see, e.g.*, Parlin SAC at ¶¶ 193, 250-52), and that New DuPont was created specifically as a merger entity and became a "holding company" in December 2015. (*Id.* at ¶¶ 190, 235-236, 241, 254). Plaintiffs' SACs do not include any specific allegations that Corteva or New DuPont ever manufactured or sold any PFAS, nor could they: Corteva and New DuPont never had any involvement in the activities that form the basis for Plaintiffs' substantive allegations and did not even exist at the time.

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER CORTEVA AND NEW DUPONT.

#### A. The Relevant Legal Standard

Plaintiffs' allegations fail to establish a basis for this Court's exercise of personal jurisdiction over Corteva and New DuPont. Plaintiffs have the burden of

3

proving by a preponderance of the evidence that jurisdiction exists. *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) ("When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper."). Under Federal Rule of Civil Procedure 4(e), federal "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993). Because New Jersey's long arm statute permits the assertion of personal jurisdiction as far as is permitted under the Fourteenth Amendment to the United States Constitution, N.J. Ct. R. 4:4-4, federal law must be applied to determine whether this Court may exercise personal jurisdiction over Corteva and New DuPont. *See Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743, 746 (D.N.J. 1999).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales de Colombia, SA v. Hall*, 466 U.S. 408, 414 (1984); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). A court may assert general jurisdiction when a defendant's "affiliations with the [forum] State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks

omitted). "Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*.

Even if Plaintiffs are able to establish that Corteva or New DuPont's contacts are sufficient under either theory, the Court also must determine whether maintenance of the suit offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Essentially, the Court must determine whether Corteva or New DuPont "purposely availed" themselves of the benefits of the forum state's laws, such that the exercise jurisdiction in the forum state would be appropriate. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).

### B. Corteva and New DuPont Are Not Subject to General Jurisdiction in New Jersey.

This Court lacks personal jurisdiction over Corteva and New DuPont. *See* Fed. R. Civ. P. 12(b)(2). Based on Plaintiffs' own allegations, there are no facts demonstrating general jurisdiction. While general jurisdiction may be exercised over a corporation in the state in which it is incorporated or maintains its principal place of business, *see BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017), Plaintiffs allege that Corteva and New DuPont are both incorporated and have their principal place of business in Delaware. (*See* Parlin SAC ¶¶ 20, 21; Chambers Works SAC ¶¶ 22, 23; Pompton Lakes SAC ¶¶ 19, 20; Repauno SAC ¶¶ 19, 20.) Otherwise, Plaintiffs must establish that this Court has general jurisdiction because

5

a defendant has contacts with New Jersey that are "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Notably, "[t]he level of contacts required for exercising general jurisdiction is significantly higher than for the other type, specific jurisdiction." *Ajax Enters. v. Szymoniak Law Firm, P.A.*, No. 05-5903 (NLH), 2008 U.S. Dist. LEXIS 29582, at *5 (D.N.J. Apr. 10, 2008).

Plaintiffs have not pleaded any basis to support that either Corteva or New DuPont is subject to general jurisdiction in New Jersey. Indeed, the SACs are entirely devoid of allegations that Corteva or New DuPont ever engaged in *any* activity that was purposefully directed toward New Jersey, much less that either company has the continuous and systematic contacts necessary to render it "at home" in New Jersey. As the Supreme Court of the United States has emphasized, it is an "exceptional case" where "a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that state.'" *Tyrell*, 137 S. Ct. at 1558 (citation omitted). Here, Plaintiffs simply do not allege *any* facts that permit the Court to conclude that this is the "exceptional case" such that these Delaware companies can be deemed "at home" in New Jersey.

In addition to the Plaintiffs' SACs failing to plead facts sufficient to establish general jurisdiction, Corteva and New DuPont attach affidavits to this motion that discredit any conclusory allegations that the Plaintiffs do include. "Unlike a Rule

6

12(b)(6) motion, the [C]ourt is permitted to look beyond the complaint and consider the facts submitted to the court." *Grant v. Lowe's Home Centers LLC*, No. 20-764, 2020 WL 1494070, at *3 (D.S.C. Mar. 27, 2020). "While the court is still obligated to construe the pleadings and supporting documents in the light most favorable to the plaintiff, the court need not 'credit conclusory allegations or draw farfetched inferences.'" *Id.* (citing *Masselli & Lane, PC*, 215 F.3d 1320, 2000 WL 69110, at *1 (4th Cir. 2000) (unpublished decision)).

As explained in the attached affidavits, Corteva and New DuPont each incorporated in and maintain a principal place of business in Delaware. (Aff. of Robin Erlenbaugh, dated Oct. 30, 2020 ("Erlenbaugh Aff.") at ¶¶ 2-3; Aff. of Calissa W. Brown, dated Nov. 20, 2020 ("Brown Aff.") ¶¶ 2-3). Neither Corteva nor New DuPont have any employees. (*See* Erlenbaugh Aff. at ¶ 4; Brown Aff. at ¶ 4.) Neither company owns or even rents any property outside of Delaware or maintains a telephone number or mailing address anywhere except Delaware. (*See* Erlenbaugh Aff. at ¶¶ 6-7; Brown Aff. at ¶¶ 6-7.) Neither Corteva nor New DuPont has ever manufactured or sold any per-or poly-fluoroalkyl substances ("PFAS") or PFAS-containing products in any state. (*See* Erlenbaugh Aff. at ¶ 8; Brown Aff. at ¶ 8.) In sum, Corteva and New DuPont are holding companies that do not have constant and pervasive contacts anywhere other than Delaware.

7

### C. Plaintiffs Have Failed to Plead Sufficient Facts To Establish Specific Jurisdiction Over Corteva and New DuPont.

Plaintiffs have also failed to plead facts establishing specific jurisdiction. The exercise of specific jurisdiction is proper when the defendant has acted in the forum, and the plaintiff's claims arise from those actions. *See Goodyear*, 564 U.S. at 919. There are no allegations that either Corteva or New DuPont ever acted in the State of New Jersey, let alone that they acted in a manner relating to Plaintiffs' claims, *e.g.*, with respect to the manufacture, sale, or discharge of PFAS or other pollutants. In the absence of such allegations, specific jurisdiction cannot be exercised. Therefore, all counts against Corteva and New DuPont should be dismissed for lack of personal jurisdiction.

### IV. PLAINTIFFS' DIRECT CLAIMS AGAINST CORTEVA AND NEW DUPONT FOR ALLEGED ENVIRONMENTAL HARM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Given the absence of any factual allegations whatsoever linking them to any manufacturing, sale, or direct involvement with any chemical products, the claims against Corteva and New DuPont should also be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' claims against Corteva and New DuPont are based on essentially identical allegations to those relating to historical manufacture, sale or discharge of certain chemical products by Old DuPont. However, Corteva and New DuPont *did not exist* when the chemical products at issue were manufactured or sold. Plaintiffs

8

make no allegations, and can make no allegation, that Corteva and New DuPont ever manufactured or "placed into the stream of commerce" any of the chemical products at issue, as they did not exist when Plaintiffs allege those acts occurred.

Rather, Plaintiffs allege that Coretva and New DuPont's cost sharing agreement and indemnification of EID makes each directly liable for Old DuPont's alleged conduct. (*See, e.g.*, Parlin SAC at ¶ 248.) However, an indemnification agreement between Coretva and New DuPont as indemnitors of Old DuPont does not create direct liability to Plaintiffs for the alleged underlying acts of Old DuPont. *See Broadway Maint. Corp. v. Rutgers, State Univ.*, 90 N.J. 253, 259, 447 A.2d 906 (1982) (holding a third party may not enforce a contract unless it is an intended, rather than incidental, beneficiary, of the agreement); *cf. R.D.D. Assocs., LLC v. Windsor Ben. Consultants, Inc.*, No. 03-2617, 2005 U.S. Dist. LEXIS 53919, at *11 (D.N.J. Mar. 22, 2005) ("[T]o recover for an economic loss resulting from negligence by one furnishing a service, a 'direct contractual relationship between the parties' must exist or the injured party must be a known 'beneficiary of the defendant's undertaking.'").

Moreover, as a general rule, corporations are considered wholly separate entities from each other and from those who own them. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another

9

corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks omitted). Although Corteva is the corporate parent of Old DuPont, that relationship is not enough on its own to state a claim against Corteva. The SACs contain *no* allegation that Corteva or New DuPont abused "the ordinary protections provided by the corporate form" such that either could be held liable for the alleged acts of Old DuPont.

## V.     CONCLUSION

For all of the foregoing reasons, this Court lacks personal jurisdiction over Corteva and New DuPont, and Plaintiffs have failed to assert cognizable claims against Corteva and New DuPont. Accordingly, each claim asserted against those entities should be dismissed with prejudice.

Respectfully submitted,

Date: November 23, 2020

s/ *David A. Haworth*

**BALLARD SPAHR LLP**
A Pennsylvania Limited Liability Partnership
David A. Haworth, Esq.
*haworthd@ballardspahr.com*
Justin Lamson, Esq.
*lamsonjw@ballardspahr.com*
Justin Kerner, Esq.
*kernerj@ballardspahr.com*
Erin M. Carter, Esq.
*cartere@ballardspahr.com*
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
T:  856.761.3400

F:  856.761.1020
*Attorneys for Corteva, Inc. (as to all claims except the fraudulent transfer claims) and DuPont de Nemours, Inc. (as to all claims except the fraudulent transfer claims)*

Katherine L. I. Hacker (admitted *pro hac vice* in Consolidated Action 2:19-cv-14758)
*kat.hacker@bartlitbeck.com*
John S. Phillips (admitted *pro hac vice* in Consolidated Action 2:19-cv-14758)
*john.phillps@bartlitbeck.com*
Katharine A. Roin (admitted *pro hac vice* in Consolidated Action 2:19-cv-14758)
*kate.roin@bartlitbeck.com*
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
*Counsel for Defendants Corteva, Inc. and DuPont de Nemours, Inc. (as to the fraudulent transfer claims)*

11